**STATE, Plaintiff, v. KEARNS, Defendant.**

Common Pleas Court, Franklin County.

No. 35101.   Decided March 24, 1955.

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for the state.

John J. Chester, Gale R. King, Columbus, Robert N. Gorman, Cincinnati, for defendant.

## OPINION

By BARTLETT, J.

THE DEMURRER TO THE INDICTMENT IS OVERRULED; AND THE DEFENDANT IS DIRECTED TO ENTER HIS PLEA THERETO FORTHWITH.

The indictment charges that on or about February 2, 1954, the defendant as the Prosecuting Attorney, with a corrupt and fraudulent intent and design to cause the release and discharge of the defendants Golib and Nash, from an indictment in this court charging them with a felony, and to avoid his duty to prosecute them, appeared before the Judge of the Criminal Division of this court and falsely and fraudulently represented that there was insufficient evidence against said men named in said indictment to warrant a trial against them, when he well knew his representations were false and untrue and were made for the corrupt purpose of influencing said judge in the discharge of his judicial duties and to secure his leave to enter a nolle prosequi to said indictment, and did by said corrupt means mislead and deceive said judge and influence and induce said judge to grant said leave to enter a nolle prosequi in said cause, and said defendant as prosecuting attorney did then and there enter said nolle prosequi in said cause with said leave aforesaid, releasing and discharging said Golib and Nash from said indictment, and did thereby knowingly and purposely, corruptly, fraudulently and unlawfully obstruct and impede the due administration of justice in this court in said cause against said persons named in said indictment contrary to §2917.07 R. C.

A demurrer was filed to the indictment on the ground that it does not state facts which constitute an offense punishable by the laws of Ohio.

It is first asserted that at best the indictment merely charges an error in the opinion and judgment of the defendant as prosecuting attorney.

The entry of the nolle prosequi by the prosecuting attorney with the approval of the Court, imports that it was so entered upon good cause shown in open court. **Douglas v. Allen, 56 Oh St 156, 160.** If the prosecuting attorney knew his representations to that effect were false and were so made solely for the corrupt purpose of termination of the prosecution and discharge of the persons named in said indictment, this would constitute not only wanton and wilful neglect of duty but gross misconduct in office. Killits as Prosecuting Attorney, etc., v. State, 19 C. C. 740. Such conduct would far exceed a mere error of judgment.

"A public officer is bound to perform the duties of his office faithfully, * * * and to act primarily for the benefit of the public. He must perform his official duties with integrity, for he owes a duty to the public not to betray his trust." **32 O. Jur. Public officers, Section 90, p. 950; Fromm v. State, 36 Oh Ap 346,** leave to file appeal refused by Supreme Court April 23, 1930.

The latter part of §2917.07 R. C., on which the indictment in question is founded is general in its terms, "No person, shall, * * * corruptly * * * obstruct or impede, or attempt to obstruct or impede, the due administration of justice therein." It is, therefore, not essential to show even an

officer of the court or any other person has been influenced, intimidated or impeded in the discharge of his duty  It is sufficient merely to show that the due administrator of justice in the court was corruptly obstructed or impeded, or so attempted.

"If the attorney had attempted corruptly to suppress evidence, his conduct would have constituted an offense under the criminal law of the state." (Sec. 12866 GC, now §2917.07 R. C., on which the present indictment is based.)  Medford v. State, 13 Oh Ap 106, per curiam opinion of Court of Appeals, Butler County.

"When a judge sits as a statutory tribunal of limited jurisdiction, exercising judicial functions, * * *, and when the proceeding is in no sense an action, he sits as a judge and not as a court. * * *." 20 O. Jur. Judges, Sec. 3, p. 359.

"1. The Courts of Appeals are an integral part of the state government and are corporate entities, or organized bodies, existing only in contemplation of law.

"2. The judges of said courts, while an indispensable part thereof, are not the courts, but are public officers selected to administer the law in and preside over the courts." Barner v. Barner, 19 Oh Ap 458, motion to certify record overruled by Supreme Court October 6. 1925.

Legal fictions are repudiated in all cases by the courts where they have been insisted upon to shield a fraud or any other illegal transactions. Andrews v. Morgan, 62 Oh St 236; 10 O. Jur. p. 55.

"1. One who addresses a communication to the judges of a court for the purpose of influencing their decision in a case pending therein by disparaging one of the parties or the relator in a suit brought by the state, corruptly endeavors to influence officers of a court in the discharge of their duties within the meaning of §6907 R. S." 77 Oh St 461, State v. Johnson, Syl. 1.

The Johnson case, supra, is conclusive in the instant case that the judge is an officer of the court, and one who corruptly influences him or endeavors to do so in the discharge of his duty in a pending case. is governed by §6907 R. S., now §2917.07 R. C.; and consequently is guilty of the crime of corruptly obstructing or impeding the due administration of justice in said court, or attempting to do so.

The demurrer to the indictment is, therefore, overruled: and the defendant is directed to enter his plea to the indictment forthwith.